# UNITED STATES DISTRICT COURT
for the
Northern District of California



| United States of America | ) |
|---|---|
| v. | ) |
| Tony Ye | ) Case No. |
| | ) |
| | ) |
| *Defendant(s)* | ) |

**CR 18-71660 MAG**

FILED NOV 20 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __June 4, 2014__ in the county of __Santa Clara and elsewhere__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 1014 | Submitting a False Statement to a Bank |
| 18 U.S.C. Section 1028(a)(7) | Identity Theft |

This criminal complaint is based on these facts:
See Affidavit

_____/s/_____
Aproved as to Form by AUSA Patrick R. Delahunty

☐ Continued on the attached sheet.

Approved as to form __/s/ Patrick Delahunty__
AUSA

_____
Complainant's signature

Kyla Charter Special Agent FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/20/18

City and state: San Jose, Ca

_____
Judge's signature

SUSAN VAN KEULEN
US MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT PRESENTED IN SUPPORT OF A CRIMINAL COMPLAINT

I, Kyla Charter, Special Agent of the Federal Bureau of Investigation ("FBI"), being duly sworn, hereby declare as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. This affidavit is presented in support of a criminal complaint charging **Tony Ye** ("Ye") with the crime of making a false statement to a bank, in violation of Title 18, United States Code, Section 1014, and aggravated identity theft, in violation of Title 18, United States Code, Section 1028A.

2. I am an "investigative or law enforcement officer of the United States" within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 1832.

3. I have been employed as a Special Agent of the Federal Bureau of Investigation since May 2016, and am currently assigned to the San Francisco Division. While employed by the Federal Bureau of Investigation, I have investigated complex financial crimes and federal criminal violations related to wire fraud, mail fraud, visa fraud, bank fraud, identity theft, and conspiracy. I have gained experience through training at the Federal Bureau of Investigation and everyday work relating to conducting these types of investigations. As a federal agent, I am authorized to investigate violations of United States laws and to execute warrants issued under the authority of the United States.

4. During my career as a Special Agent of the FBI, I have received training and possess actual experience relating to Federal criminal procedures and Federal statutes. I have also received specialized training regarding financial crimes, which included information related to

1

investment accounts and brokerages.

5. The facts in this affidavit are based on my personal participation in this investigation, my training and experience, and documents, records, emails, and other types of information obtained during the investigation from other sources and witnesses. The FBI has, thus far examined documents (including bank records), reviewed interviews and transcripts of interviews, and reviewed documents obtained by a related investigation of Ye and his wife, Jean Chen ("Chen"), conducted by the United States Securities Exchange Commision ("SEC"). I have also reviewed a civil complaint filed by the SEC on October 18, 2018 (Case No. 3:18-cv-06371, Northern District of California) against Ye, Chen, and a number of other individuals and entities. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence of violations of U.S. law occurred. Also, where I refer to conversations and events, I often refer to them in substance and in relevant part rather than in their entirety or verbatim, and figures and calculations set forth in this complaint are approximate, unless otherwise noted.

## APPLICABLE STATUTES

6. The FBI is investigating alleged violations of Title 18, United States Code, Section 1014, which states in part:

> Whoever knowingly makes any false statement or report, or willfully overvalues any land, property or security, for the purpose of influencing in any way the action of ... any institution the accounts of which are insured by the Federal Deposit Insurance Corporation,,[1] any Federal home loan bank, the Federal Housing Finance Agency, the Federal Deposit Insurance Corporation, the Farm Credit System Insurance Corporation, or the National Credit Union Administration Board, a branch or agency of a foreign bank (as such terms are defined in paragraphs (1) and (3) of section 1(b) of the International Banking Act of 1978), an organization operating under section 25 or section 25(a) [2] of the Federal Reserve Act, or a mortgage lending business, or any person or entity that makes in whole or in part a federally related mortgage loan as defined in section 3 of the Real Estate Settlement Procedures Act of

2

1974, upon any application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, loan, or insurance agreement or application for insurance or a guarantee, or any change or extension of any of the same, by renewal, deferment of action or otherwise, or the acceptance, release, or substitution of security therefor, shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

7. The FBI is investigating alleged violations of Title 18, United States Code, Section 1028(a)(7), which states in part:

Whoever... knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law... The punishment for an offense under subsection (a) of this section is... a fine under this title or imprisonment for not more than 15 years.

### ENTITIES

8. At all relevant times, the **Charles Schwab Corporation** provided a full range of brokerage, banking and financial advisory services through its operating subsidiaries. Its broker-dealer subsidiary, Charles Schwab & Co., Inc. ("**Schwab Co.**") was a member of SIPC and offered investment services and products, which included Schwab brokerage accounts. Its banking subsidiary, Charles Schwab Bank ("**Schwab Bank**", and collectively with Schwab Co., "**Charles Schwab Corp.**") was a member of Federal Deposit Insurance Corporation ("FDIC") and an Equal Housing Lender, and it provided deposit and lending services and products.

9. **Charles Schwab Corp.** was an institution that maintained accounts insured by the FDIC.

10. I have spoken with a supervising attorney holding the title Senior Team Manager at the Legal Services Department at the Charles Schwab Corp., and she confirmed that Charles Schwab Corp. considers itself a "financial institution" for purposes of 18 U.S.C. § 20. She also asserted that the legal department at Charles Schwab Corp. has confronted this issue before and made the same determination.

## INDIVIDUALS

11. **Jean Chen** ("Chen") resided in Atherton, California. She was the managing partner of the Law Offices of Jean D. Chen, a California law firm.

12. **Tony Ye** ("Ye") resided in Atherton, California and was married to Chen. He was employed by the Law Offices of Jean D. Chen as Office Manager since 2007.

13. **Kuangsheng Chen** resided in Hong Kong, China. He was either a family friend or relative of Chen. He claimed to be Managing Director of U.S. Immigration Services of Beijing New Horizons Investment Consulting Co., Ltd., a China-based entity controlled by Chen and Ye.

## SEC COMPLAINT AND CHEN'S FLIGHT

14. The Securities Exchange Commission began an investigation of Chen and Ye in or about May 2015. On August 18, 2016, Ye was deposed by the SEC. I have reviewed a transcript of this deposition.

15. On October 18, 2018, the SEC filed a complaint (Case No. 3:18-cv-06371, Northern District of California) against Ye, Chen, and a number of other individuals and entities (herein, "Complaint"). A true and correct copy of the Complaint is attached as Attachment 1. In sum, the complaint alleged that Ye, Chen, Kuangsheng Chen and others participated in a scheme to defraud EB-5 visa applicants and committed securities fraud.

16. On or about October 19, 2018, Chen fled to Vancouver, Canada, after purchasing a one-way train ticket from Seattle to Vancouver, Canada. She has not returned to the United States.

## YE'S FALSE STATEMENT TO A BANK AND IDENTITY THEFT

17. A Charles Schwab One Individual account number 2251-6828 was opened on December 27, 1999, in the name of Kuansheng Chen (herein, the "Schwab Account").

4

18. On December 27, 1999, Ye's wife, Chen, applied for and received limited power of attorney on the account. The power of attorney was limited to trading and did not authorize withdrawals from the account. Ye was not listed as possessing the power of attorney on the form. In March 2016, Schwab Co. received a request to close the Schwab Account.

19. According to Charles Schwab Corp. account files, phone numbers 650-678-8619, 650-533-3118, and 510-488-3724 were associated with the Schwab Account. The telephone number ending xx8619 was assigned to Chen; the telephone number ending xx3118 was assigned to Ye, and the telephone number ending xx3724 was a landline assigned to Chen and Ye's residence in Atherton. The mailing address on file for the Schwab Account was 3228 Woodside Terrace, Fremont, CA 94539. This was a former residence of Chen and Ye. The primary e-mail address on file with Charles Schwab for the Schwab Account was tonyye2000@gmail.com, which was an email account controlled by Ye.

20. Between May 26, 2011 and March 3, 2016, Ye contacted Charles Schwab Corp. on approximately thirteen occasions to conduct wire transfers totaling $10,592,128.81 that transferred funds out of the Schwab Account. He commonly impersonated Kuangsheng Chen to complete wires. For example,

   a. For the wire transfer dated March 4, 2015, Ye contacted Charles Schwab via telephone on or about the same day and impersonated Kuansheng Chen to transfer $100,100.00 to Jianping Pen.

   b. For the wire transfer dated June 4, 2015, Ye contacted Charles Schwab via telephone on or about the same day and impersonated Kuansheng Chen to transfer $3,000,000.00 to Stweart Title California, Inc. These funds were then used to purchase Lots 1-71 Kawana Meadows, Santa Rosa, CA 95407, a property that Ye was assisting to develop.

   c. For the wire transfer dated September 17, 2015, Ye contacted Charles Schwab via telephone on or about the same day and impersonated Kuansheng Chen to transfer $1,000,000.00 to Tree Lined Properties, LLC. Ye owned Tree Lined Properties, LLC.

d. For the wire transfer dated November 13, 2015, Ye contacted Charles Schwab via telephone on or about the same day and impersonated Kuansheng Chen to transfer $1,250,000.00 to Tree Lined Properties, LLC. Ye owned Tree Lined Properties, LLC.

   e. For the wire transfer dated March 3, 2016, Ye contacted Charles Schwab via telephone on or about the same day and impersonated Kuansheng Chen to transfer $300,000.00 to Pengxin Corp.

21. On or about May 31, 2015, the Schwab Account held approximately $3,009,202.11 in cash deposits and approximately $738.46 in other holdings, the Schwab Account statement indicated that the Schwab Account had access to the Bank Sweep Feature. Additionally, the June 2015 Schwab Account statement does not indicate any investments between June 1 and June 4, 2015. Based upon my experience and training, I believe the transfer of $3,000,000 on June 4, 2015 was a transfer of cash holdings controlled by the Charles Schwab Corp.

22. On February 22, 2016, Ye contacted Charles Schwab Corp. via telephone and impersonated Kuansheng Chen to inquire about closing the account. For this and each of the above referenced transfers, Charles Schwab Corp. maintained an audio recording of the phone call. The caller in each of the recordings appeared to be the same individual.

23. On August 18, 2016, Ye was deposed and gave testimony to the SEC. During this testimony, Ye admitted that he was the caller in the Charles Schwab Corp. recordings related to the February 22, 2016 closing request. Ye admitted that he placed other telephone calls to Charles Schwab and impersonated Kuansheng Chen.

24. Ye also asserted under oath that he had known Kuansheng Chen since approximately 2002. Ye described Kuangsheng Chen as a business partner, and asserted that the two communicated approximately every "couple of months."

## YE'S INTERNATIONAL TRAVEL PLANS

25. On November 19, 2018, FBI Agents learned that Ye purchased a last-minute one-way airline ticket, with his minor daughter as a co-traveler, departing San Francisco, California on November 20, 2018 traveling to Vancouver, Canada.

## CONCLUSION

26. Through my training and experience as an FBI Agent, I believe that Ye has knowingly made a false statement to a bank on or about June 4, 2015 when Ye used the identity of Kuangsheng Chen to cause Schwab Co. and Schwab Bank to transfer approximately to $3,000,000.00 to Stweart Title California, Inc. Additionally, Ye's use of Kuangsheng Chen's means of identification were for an unauthorized purpose, namely the submission of a false statement to Schwab Co. and Schwab Bank.

27. Based upon the foregoing, my training and experience, and the training and experience of agents and investigators involved in this investigation, I believe that there is probable cause to believe that Ye has committed the crime of making a false statement to a bank, in violation of Title 18, United States Code, Section 1014, and identity theft, in violation of Title 18, United

//

//

//

//

//

//

States Code, Section 1028(a)(7). I also respectfully request a no bail arrest warrant for Tony Ye.

_Kyla Charter_
KYLA CHARTER
Special Agent
Federal Bureau of Investigation

Sworn to before me this 20th day of November 2018.

_[signature]_
HONORABLE SUSAN VAN KEULEN
United States Magistrate Judge