DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

PATRICK R. DELAHUNTY (CABN 257439)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5035
    FAX: (408) 535-5066
    patrick.delahunty@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.19-cr-00111 - LHK |
| Plaintiff, | STIPULATION AND PROTECTIVE ORDER [PROPOSED] |
| v. | |
| JIANYUN "TONY" YE, | |
| Defendant. | |

With the agreement of the parties, the Court enters the following Protective Order:

The defendant is charged in a 14-count Indictment with ten violation of Title 18, United States Code, Section 1546(a), Visa Fraud; one violation of 18 U.S.C. § 1512(b)(3), Obstruction of Justice; one violation of 18 U.S.C. § 1505, Obstruction of Justice; one violation of 18 U.S.C. § 1028(A), Aggravated Identity Theft; and one violation of 18 U.S.C. § 1028(a)(7), Identity Theft. This Protective Order applies only to discovery produced to the defendants in this criminal matter by the United States Attorney's Office and does not apply to any other information or documents the defendants may have or may receive from other entities or individuals. Upon receipt of a discovery request, the United States will produce documents and other materials pertaining to the defendant and the charged offenses to

defense counsel.  The discovery to be provided by the United States Attorney's Office includes documents or other materials falling into one or more of the following categories (collectively, "Protected Information"):

1. Personal Identifying Information of any individual (other than his or her name), including any person's date of birth, social security number, residence or business address, telephone numbers, email addresses, driver's license number, professional license number, family members names, or criminal histories ("Personal Identifying Information");

2. Financial information of any individual or business, including bank account numbers, credit or debit card numbers, account passwords, contact information, and taxpayer identification numbers ("Financial Information"); and

3. Tax records, including tax returns ("Tax Information").

To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

**IT IS HEREBY ORDERED** that defense counsel of record, their investigators, assistants, and employees (collectively, "the defense team") may review with the defendant all discovery material produced by the government, but shall not provide a defendant with copies of, or permit defendant to make copies of (including downloading the discovery from any cloud-based software program such as Microsoft Office 365 SharePoint  or providing any other individual with access to such a program by sharing the defendant's password or creating a new password for anyone other than the defendant and defense team).  Notwithstanding that, the defendant may review the discovery material via Microsoft Office 365 SharePoint, but he may not have any other unsupervised access to any discovery material produced by the government that contains Protected Information, unless the Personal Identifying Information, Financial Information, and/or Tax Information has first been **entirely redacted** from the discovery materials.  The government and defense counsel are ordered to work together to ensure that these materials are protected, but that defendant has as much access to the materials as can be provided consistent with this Court's order.  Discovery material that clearly pertains to the defendant and does not contain Protected Information regarding any other person including Danhong "Jean" Chen (*e.g.*, defendant's own bank records that are not and were not records of joint accounts with any other person

or entity, telephone records, and business records that are not and were not records of businesses owned or controlled in any manner by any other person) may be provided to that defendant unredacted.

Defense counsel may also provide unredacted copies of Protected Information to any experts retained to assist with the preparation of the defense in the captioned case. The defendant, all members of the defense team, and any experts who receive discovery under this Order shall be provided a copy of this Order along with those materials and shall initial and date the order reflecting their agreement to be bound by it.

The materials provided pursuant to this protective order may only be used for the specific purpose of preparing or presenting a defense in this matter unless specifically authorized by the Court.

This Order shall also apply to any copies made of any materials covered by this Order.

**IT IS FURTHER ORDERED** that neither a defendant nor any member of the defense team shall provide any discovery material produced by the government—whether or not the material constitutes or contains Protected Information within the meaning of this Order—to any third party (*i.e.*, any person who is not a member of the defense team) or make any public disclosure of the same, other than in a court filing, without the government's express written permission or further order of this Court. If a party files a pleading that references or contains or attaches Protected Information subject to this Order, that filing must be redacted or under seal if redactions of the Protected Information is not practical.

**IT IS FURTHER ORDERED** that at the conclusion of proceedings before this Court, defense counsel may retain copies of discovery material in its files, including Protected Information. In the event new counsel is retained for purposes of appeal or other post-conviction proceedings, defense counsel may provide copies of discovery material only if that subsequent counsel agrees in writing to be bound by the same terms provided by this Protective Order, and agrees in writing that this Court will have jurisdiction to review any alleged violation of the terms of this Protective Order by subsequent counsel. After judgment in this matter becomes final, including all direct appeals and collateral challenges to conviction brought pursuant to 28 U.S.C. § 2255, should the government believe that destruction or return of discovery subject to this protective order is necessary and appropriate,

the government shall notify defense counsel or subsequent defense counsel in writing, and the parties shall meet and confer regarding the matter. If the parties are unable to agree upon a disposition of the materials subject to this protective order at that time, this Court shall retain jurisdiction regarding any such dispute.

**IT IS SO STIPULATED.**

DAVID L. ANDERSON
United States Attorney

Dated: 4/12/2019

___/s/_____
PATRICK R. DELAHUNTY
Assistant United States Attorney

___/s/_____
MARTHA BOERSCH
Counsel for Defendant,
JIANYUN "TONY" YE

**IT IS SO ORDERED.**

Dated: _____

HON. LUCY H. KOH
United States District Judge