United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANHONG "JEAN" CHEN and JIANYUN "TONY" YE,<br><br>Defendants. | Case No. 19-CR-00111-LHK-2<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RULE 15 DEPOSITION**<br><br>Re: Dkt. No. 45 |

On January 22, 2020, Defendant Jianyun "Tony" Ye ("Defendant Ye") moved to depose a witness located in Beijing or Hong Kong pursuant to Federal Rule of Criminal Procedure 15. ECF No. 45 ("Mot."). Having considered the submissions of the parties and the relevant law, the Court DENIES Defendant Ye's motion for a Rule 15 deposition.

**I. BACKGROUND**

On March 7, 2019, a grand jury returned an indictment ("Indictment") that charged Defendants Danhong "Jean" Chen and Jianyun "Tony" Ye with (1) ten counts of visa fraud under 18 U.S.C. § 1546(a); (2) one count of obstruction of justice under 18 U.S.C. § 1512(b)(3); (3) one count of obstruction of justice under 18 U.S.C. § 1505, and (4) one count of aggravated identity theft under 18 U.S.C. § 1028A(a)(1). ECF No. 27 ("Indictment") at 6–10. The Indictment also

1
Case No. 19-CR-00111-LHK-2
ORDER DENYING DEFENDANT'S MOTION FOR RULE 15 DEPOSITION

charged Defendant Ye with one count of identity theft under 18 U.S.C. § 1028(a)(7). *Id.* at 10.

### 1. The EB-5 visa program

The EB-5 visa program permits aliens to obtain a path to lawful permanent residency in the United States by investing $1,000,000 in a "new commercial enterprise" ("NCE").[1] *Id.* ¶¶ 10–11. The capital contribution must also create or preserve full-time positions for at least ten qualifying employees within two years of the date the investment is made. *Id.* ¶ 11. Further, the capital contribution must be invested directly in the entity responsible for creation of the employment. *Id.* ¶ 16. The EB-5 visa program is administered by the United States Citizenship and Immigration Services ("USCIS"). *Id.* ¶ 11.

The first step to apply for an EB-5 visa is to submit an I-526 petition with USCIS. *Id.* ¶ 13. An I-526 petition must establish that an alien investor would more likely than not satisfy the requirements of the EB-5 program. *Id.* To make the required showing, alien investors typically provide USCIS with supporting materials, such as a business plan and budget. *Id.* ¶ 14. If USCIS approves an I-526 petition, then the alien investor receives conditional permanent residency for two years. *Id.* ¶ 15. After the two years elapse, the alien can file an I-829 petition to adjust the alien's status. *Id.* If the I-829 petition demonstrates that the alien had indeed met the requirements for the EB-5 visa program, then the alien may receive unconditional permanent residency. *Id.*

Entities known as "regional centers" promote EB-5 investments within designated geographic areas. *Id.* ¶ 12. In order to satisfy the requirements of the EB-5 visa program, an alien may invest in an NCE affiliated with a regional center. *Id.* To obtain regional center status, an entity must provide USCIS with information about the NCEs that would operate under the regional center, as well as the nature of the jobs that would be created as a result of the contemplated EB-5 investments. *Id.* This information could be provided to USCIS on documents known as I-924 and I-924A forms. *Id.*

---

[1] The minimum capital contribution need only be $500,000 if the investment is located in certain rural or high-unemployment areas. *Id.* ¶ 11.

2
Case No. 19-CR-00111-LHK-2
ORDER DENYING DEFENDANT'S MOTION FOR RULE 15 DEPOSITION

### 2. Defendants' allegedly unlawful conduct

Defendant Chen is a lawyer who served as the sole partner and principal of the Law Offices of Jean D. Chen. *Id.* ¶ 1. Defendant Ye, meanwhile, was employed as the office manager of the Law Offices of Jean D. Chen. *Id.* ¶ 2. The government alleges that the Law Offices of Jean D. Chen was incorporated in California and the firm "held itself out as specializing in immigration law." *Id.* ¶ 3. Defendants Chen and Ye were married at the time they undertook the allegedly unlawful conduct described in the Indictment. ECF No. 45 at 1.

According to the government, between December 2014 and December 2015, Defendants "commonly prepared and submitted, and caused to be submitted, I-526 applications on behalf of alien investors" that contained false and fraudulent information. Indictment ¶ 18. Specifically, Defendants submitted I-526 applications that contained the signature of an individual identified in the Indictment as "K.R." *Id.* According to the government, "K.R.'s purported signature in these applications, as [Defendants] knew, was forged and false." *Id.*

Moreover, the I-526 petitions submitted by Defendants described K.R. as the manager of an entity called Golden State Regional Center, LLC ("Golden State RC"). *Id.* In reality, however, the government alleges that Defendants "knowingly controlled Golden State RC throughout at least 2014, 2015, and the first half of 2016." *Id.* The government also alleges that Defendants submitted the I-924A form of Golden State RC with a false signature of K.R. *Id.*

According to the government, Defendants represented alien investors who invested funds in two NCEs managed by Golden State RC. *Id.* ¶¶ 7, 19. Defendants allegedly transferred funds that alien investors paid from bank accounts associated with the NCEs into a bank account controlled by Defendants. *Id.* ¶ 20. Defendants also allegedly transferred funds from bank accounts associated with the NCEs before alien investors' I-526 petitions permitted such transfers. *Id.* ¶ 21. Since December 2014, approximately 105 clients of Defendants invested in the two NCEs managed by Golden State RC. *Id.* ¶ 22. Defendants' clients made a total investment of approximately $52,500,000 in the two NCEs. *Id.*

### 3. Kuansheng Chen

1  The Indictment also alleges that an individual identified as "K.C." was a family friend and business associate of Defendants. *Id.* ¶ 4. The Indictment asserts that K.C. "was purported to be Director of U.S. Immigration Services of Beijing New Horizons Investment Consulting Co., Ltd. . . . , a China-based entity controlled, in part, by" Defendants. *Id.* According to the government, Defendant Ye used K.C.'s identity and bank account without lawful authority to facilitate the commission of wire fraud and visa fraud. *Id.* ¶ 32.

Defendant Ye asserts that "K.C." is an individual named Kuansheng Chen, and the government concedes that Defendant Ye is correct. ECF No. 45 at 2 (describing indictment allegation about Kuansheng Chen); ECF No. 46 at 1 ("The indictment alleges that Ye used the identity of Kuansheng Chen in relation to the visa fraud."). Defendant Ye now seeks to depose Kuansheng Chen with the instant motion.

### 4. Defendant Ye's motion for Rule 15 deposition

On January 22, 2020, Defendant Ye filed the instant motion under Federal Rule of Criminal Procedure 15. ECF No. 45 ("Mot."). On February 19, 2020, the government opposed the motion, ECF No. 46 ("Opp'n"), and on February 28, 2020, Defendant Ye filed a reply, ECF No. 47 ("Reply"). On March 6, 2020, Defendant Ye filed a supplemental declaration to indicate that Kuansheng Chen "is 'generally unwilling to voluntarily sit for a deposition unless he is granted immunity.'" ECF No. 51.

## II. LEGAL STANDARD

In criminal cases, "depositions are not allowed merely for the purpose of discovery." *United States v. Rich*, 580 F.2d 929, 933–34 (9th Cir. 1978). However, "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). "The district court retains broad discretion in granting a Rule 15(a) motion, and considers the particular circumstances of each case to determine whether the exceptional circumstances requirement has been satisfied." *United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998) (internal citation and quotation marks omitted). "Rule 15(a) only requires that the trial

4

court find that due to exceptional circumstances it is in the interest of justice that the testimony of a prospective witness be taken and preserved for possible use at trial." *Id.* However, "[t]he exceptional circumstances requirement of Rule 15 means that 'only in extraordinary cases will depositions be compelled.'" *United States v. Moalin*, 2012 WL 3637370, at *1 (S.D. Cal. Aug. 22, 2012) (citation omitted).

While the Ninth Circuit has not required consideration of these factors, courts often consider the following factors when considering whether to grant a Rule 15 motion: (1) the unavailability of the witness at trial; (2) the good faith effort by the movant to obtain the witness's presence at trial; and (3) a demonstration by the movant that the expected testimony would be favorable and material. *See United States v. Zuno-Arce*, 44 F.3d 1420, 1425 (9th Cir. 1995) (outlining factors). The Ninth Circuit has also held that before granting a Rule 15 motion, a court must consider the willingness of the witness to be deposed and whether the safety of United States officials would be compromised by traveling to the foreign location. *United States v. Olafson*, 213 F.3d 435, 442 (9th Cir. 2000) (explaining that district courts should consider "whether the deponent would be available at the proposed location for deposition and would be willing to testify," as well as "whether the safety of United States officials would be compromised by going to the foreign location").

### III. DISCUSSION

In the instant case, Defendant Ye moves to take the videotaped deposition of Kuansheng Chen pursuant to Federal Rule of Criminal Procedure 15. Below, the Court considers various factors in order to assess whether exceptional circumstances exist such that it is in the interest of justice to allow Defendant Ye to depose Kuansheng Chen before trial. For the reasons explained below, the Court DENIES Defendant Ye's motion for a Rule 15 deposition.

**A. Unavailability of the witness at trial and good faith effort to obtain the witness's presence at trial**

First, when courts evaluate Rule 15 motions, courts determine whether the witness to be deposed will ultimately be unavailable at trial. *See, e.g.*, *Moalin*, 2012 WL 3637370, at *2

5
Case No. 19-CR-00111-LHK-2
ORDER DENYING DEFENDANT'S MOTION FOR RULE 15 DEPOSITION

(explaining that one factor to be considered in Rule 15 analysis is "the availability of the deponents for trial"). Here, Defendant Ye argues that Kuansheng Chen will be unavailable at trial because Kuansheng Chen is "beyond the subpoena power of the Court." Mot. at 3. Additionally, Defendant Ye points to the fact that Kuansheng Chen previously objected to a deposition notice in a parallel civil enforcement proceeding brought by the U.S. Securities and Exchange Commission ("SEC") "on the basis that courts here lack personal jurisdiction over him and cannot compel him to appear for judicial proceedings in the United States," and that Kuansheng Chen has limited means to travel to the United States. ECF No. 45-1 ("Boersch Decl.") Ex. A ("[T]his Court lacks personal jurisdiction over Defendant, who is a citizen/resident of Beijing and Hong Kong, including because this Court lacks authority to compel a foreign-national defendant to appear for a deposition in the U.S.").

These facts do support the conclusion that Kuansheng Chen will ultimately be unavailable at trial. *See, e.g.*, *United States v. Medjuck*, 156 F.3d 916, 920 (9th Cir. 1998) ("Here, the Canadian witnesses were unavailable for trial because they were beyond the subpoena power of the United States . . . ."); *United States v. Jinian*, No. CR-09-1103-JSW (EDL), 2010 WL 3910138, at *2 (N.D. Cal. Oct. 5, 2010) ("Since Jorge Rodriguez is located in Mexico, he is not subject to the subpoena power of this Court, nor is it possible to require his testimony during trial."). Moreover, as discussed further *infra*, Kuansheng Chen's counsel has also stated "that Mr. Chen is 'generally unwilling to voluntarily sit for a deposition unless he is granted immunity.'" ECF No. 51. This statement suggests that it is unlikely that Kuansheng Chen would personally attend Defendant Ye's trial absent some similar arrangement with the government. In light of Kuansheng Chen's likely unavailability at trial, the first factor weighs in favor of granting the instant motion.

However, the Court must also consider the movant's "good faith effort to obtain the witness's presence at trial." *Zuno-Arce*, 44 F.3d at 1425. For instance, in both *Medjuck* and *Jinian*, the two cases cited by Defendant Ye, the movants had unsuccessfully attempted to secure the witness' presence at trial before the movants sought Rule 15 depositions. *See Medjuck*, 156

F.3d at 920 (explaining that the proposed Rule 15 witness had "refused voluntarily to attend" the trial); *Jinian*, 2010 WL 3910138, at *2 (explaining that the proposed Rule 15 witness "state[d] that he is unable to come to trial of the matter on November 1, 2010 through the end of the year").

Here, by contrast, Defendant Ye has not contacted Kuansheng Chen in order to determine whether Kuansheng Chen would voluntarily attend Defendant Ye's criminal trial. Instead, Defendant Ye relies solely on the fact that Kuansheng Chen objected to a deposition order in the parallel SEC civil enforcement proceeding to assert that "[t]here is every reason to believe that Mr. Chen would assert the same objections if he were asked to appear at Mr. Ye's trial." ECF No. 45 at 4. Based on this, Defendant Ye argues that "any additional efforts to obtain Mr. Chen's presence at [Defendant] Ye's trial would be futile." *Id.* at 6.

Kuansheng Chen's actions in the parallel civil proceeding may suggest that Kuansheng Chen will not voluntarily attend Defendant Ye's criminal trial. Opp'n at 6. However, the Court nonetheless cannot conclude that Defendant Ye has engaged in a "good faith effort to obtain [Kuansheng Chen's] presence at trial." *Zuno-Arce*, 44 F.3d at 1425. Defendant Ye describes no communications with Kuansheng Chen about the possibility that Kuansheng Chen appear at Defendant Ye's criminal trial, nor does Defendant Ye describe any effort to come to any arrangement that Kuansheng Chen may have requested. This is particularly striking in light of the fact that Defendant Ye has been in contact with Kuansheng Chen's counsel to discuss the terms of a possible deposition. *See* ECF No. 51 (describing "email from Kuansheng Chen's counsel"). In sum, based on the information before the Court, the Court concludes that Kuansheng Chen would likely be unavailable at trial, but that Defendant Ye has not engaged in a good faith effort to obtain Kuansheng Chen's voluntary presence at trial. Hence, the first factor weighs in favor of granting the instant motion, but the second factor weighs against granting the instant motion. The Court proceeds to analyze whether Kuansheng Chen's expected testimony would be favorable and material to Defendant Ye.

### B. Whether expected testimony would be favorable and material to Defendant Ye

Although "Rule 15(a) does not require [a] conclusive showing of [] 'material' testimony

7
Case No. 19-CR-00111-LHK-2
ORDER DENYING DEFENDANT'S MOTION FOR RULE 15 DEPOSITION

before a deposition can be taken," *Omene*, 143 F.3d at 1170, courts consider, as one factor, whether the movant has shown that the testimony will be favorable and material. Here, Defendant Ye first argues that Kuansheng Chen would "offer testimony contradicting the allegation in the indictment suggesting that Kuansheng Chen was not a Director of Beijing New Horizons [Investment Consulting Co., Ltd.,] as well as the allegation that the defendants in this criminal prosecution exercised control over" Beijing New Horizons Investment Consulting Co., Ltd ("New Horizons"). Mot. at 4. Second, Defendant Ye argues that Kuansheng Chen would "provide testimony refuting the government's claim that [Defendant] Ye helped draft and prepare I-526 applications that [Defendant] Chen submitted." *Id.* Third, Defendant Ye argues that Kuansheng Chen would "testify that [Defendant] Ye used [Kuansheng Chen's] identity with his consent." Reply at 3. Fourth, and finally, Defendant Ye argues that Kuansheng Chen would testify that Defendant Ye's use of Kuansheng Chen's identity was "not done with the intent to commit some other federal crime." *Id.*

First, as to the ownership of New Horizons, Kuansheng Chen appears to be in a position to provide testimony material to the argument that an individual named Bao Li Hua, and not Defendants, controlled the entity. *Id.* at 5. However, the Court agrees with the government that the ownership of New Horizons appears to be only marginally related to the allegations set forth in the Indictment. *See* Opp'n at 7 (arguing that "the gravamen of the indictment is the defendants' submission of false EB-5 applications to the United States government").

The parallel SEC enforcement proceeding alleges that Kuansheng Chen and New Horizons provided Defendants Chen and Ye with a means to disguise unlawful transaction-based compensation. *SEC v. Chen et al*, No. 18-cv-06371-LB, ECF No. 1 ¶ 1 (alleging that Defendants Chen and Ye "attempted to conceal their unlawful activity with the help of Defendant Kuansheng Chen [], who provided an offshore bank account to receive the transaction-based compensation and posed as the head of a Beijing immigration agency that was actually co-owned and controlled by Chen and Ye"). Thus, in support of the instant motion, Defendant Ye cites a declaration that Kuansheng Chen filed in the parallel SEC enforcement proceeding that discusses the fees paid by

8
Case No. 19-CR-00111-LHK-2
ORDER DENYING DEFENDANT'S MOTION FOR RULE 15 DEPOSITION

third parties to New Horizons. *See* ECF No. 47-1 Ex. A, ¶¶ 5–6 ("Declaration of Kuansheng Chen in Support of Defendant Kuansheng Chen's Motion to Dismiss Pursuant to Fed. Rule Civ. Proc. 12(b)(2)") ("[A]ny regional center fees paid to my accounts were solely for the benefit of New Horizons for New Horizons's work.").

By contrast, the Indictment makes no allegation that Defendants Chen and Ye received unlawful transaction-based compensation, which renders the ownership of New Horizons far less relevant. Instead, the Indictment primarily focuses on the alleged visa fraud that Defendants Chen and Ye committed when they filed I-526 applications. *E.g.*, Indictment ¶¶ 23–24 (outlining visa fraud allegations). According to Defendant Ye, Kuansheng Chen will "offer testimony contradicting the allegation in the indictment suggesting that Kuansheng Chen was not a Director of Beijing New Horizons as well as the allegation that the defendants in this criminal prosecution exercised control over Beijing New Horizons Investment Consulting Co., Ltd." Mot. at 5. However, the Indictment never alleges that Kuansheng Chen was not a director of New Horizons, and the Defendants' purported control of New Horizons does not figure into any of the substantive charges. Indeed, the Indictment mentions New Horizons only once in passing, to say that "K.C. was purported to be Director of U.S. Immigration Services of Beijing New Horizons Investment Consulting Co., Ltd. [], a China-based entity controlled, in part, by CHEN and YE." Indictment ¶ 4. Hence, testimony on this issue "is not particularly helpful to Defendants." *Moalin*, 2012 WL 3637370, at *3.

Second, as to the allegedly fraudulent I-526 petitions, Defendant Ye argues that Kuansheng Chen would "provide testimony refuting the government's claim that [Defendant] Ye helped draft and prepare I-526 applications that [Defendant] Chen submitted." Mot. at 4. Defendant Ye's statement on this subject is vague and conclusory. Defendant Ye provides no indication of how Kuansheng Chen will refute the government's claim that Defendant Ye assisted in preparing the I-526 petitions in the instant case, and "[t]his lack of specificity is a factor that weighs against granting a Rule 15 motion." *United States v. Torre-Sanchez*, No. 12-CR-00833, 2014 WL 4370538, at *3 (N.D. Cal. Sept. 3, 2014); *see also Jinian*, 2010 WL 3910138, at *2–3

9
Case No. 19-CR-00111-LHK-2
ORDER DENYING DEFENDANT'S MOTION FOR RULE 15 DEPOSITION

(explaining that "[d]efendant has not adequately established that [deponent's] testimony . . . is material" because the defendant's Rule 15 motion was "vague as to the substance of his actual testimony").

Along the same lines, Defendant Ye asserts that "Mr. Chen's importance to the criminal proceedings is reflected by the fact that, in objecting [to] the SEC deposition notice, Mr. Chen expressed his belief that the notice was a pretense designed to facilitate his arrest in the U.S. on a material witness warrant in the instant case." Mot. at 5–6. However, Kuansheng Chen's objection is both self-serving and conclusory. Indeed, Kuansheng Chen's statement that the government seeks to "detain [Kuansheng Chen] in the U.S., including on a material witness warrant for the criminal case," comes toward the end of a list of nine different objections to the deposition notice, and the statement is unsupported by any detail. Boersch Decl. Ex. A at 2. Further, even if it were true that the government sought to detain Kuansheng Chen "on a material witness warrant for the criminal case," that would not show that Kuansheng Chen's testimony would be favorable to Defendant Ye. Nor can the Court draw any conclusions about the nature of Kuansheng Chen's likely testimony from the mere fact that Kuansheng Chen has apparently expressed concerns about self-incrimination and sought immunity. *E.g.*, ECF No. 47-1 (explaining that Kuansheng Chen's "counsel has indicated that [Kuansheng Chen's] primary concern is regarding his Fifth Amendment rights").

Third, Defendant Ye argues that Kuansheng Chen would "testify that [Defendant] Ye used [Kuansheng Chen's] identity with his consent." Reply at 3. The government responds that Kuansheng Chen's testimony to this effect will be immaterial because "even if [Kuansheng] Chen asserts he granted [Defendant] Ye permission to use Chen's identity, this is irrelevant" under Ninth Circuit identity theft case law. Opp'n at 7; *see, e.g.*, *United States v. Hong*, 938 F.3d 1040, 1050 (9th Cir. 2019) ("[P]ermission to use another's identity in an unlawful scheme is not 'lawful authority' under section 1028A."). Defendant Ye agrees with the government, and correctly notes that "in the Ninth Circuit, a defendant may be convicted of identity theft even where the means of identity are voluntarily provided by the identity holder." Reply at 3. Hence, both parties agree

10

that Kuansheng Chen's testimony that Defendant Ye had permission to use Kuansheng Chen's identity will not be exculpatory.

Fourth and finally, however, Defendant Ye argues that Kuansheng Chen will offer testimony that Defendant Ye's use of Kuansheng Chen's identity was "not done with the intent to commit some other federal crime." *Id.* This intent requirement constitutes an essential element of identity theft under 18 U.S.C. § 1028(a)(7). *See, e.g.*, *United States v. Pavone*, No. CR-19-00454-PHX-DLR, 2019 WL 7293406, at *2 (D. Ariz. Dec. 30, 2019) (explaining that the fourth element of identity theft consists of whether defendant possessed "the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law").

As Defendant Ye notes, the government's theory with respect to the identity theft count appears to be that Defendant Ye initiated wire transactions from Kuansheng Chen's bank account as part of the EB-5 scheme, and that Defendant Ye therefore possessed intent to commit wire fraud and visa fraud at the time Defendant Ye used Kuansheng Chen's identity. Reply at 4; Indictment ¶ 32 (alleging identity theft with intent to commit "Wire Fraud, a felony violation of Title 18, United States Code, Section 1343, and Visa Fraud, a felony violation of Title 18, United States Code, Section 1546(a)").

However, Defendant Ye argues that Kuansheng Chen would testify that the bank account from which Defendant Ye initiated the wire transactions only contained Kuansheng Chen's personal funds, which were unrelated to the EB-5 program. Reply at 3. Thus, according to Defendant Ye, Kuansheng Chen's testimony would tend to show that Defendant Ye's actions were not done to further the EB-5 scheme, and that Defendant Ye therefore did not possess "the intent to commit some other federal crime" as required for identity theft under 18 U.S.C. § 1028(a)(7). *Id.* Kuansheng Chen's testimony on this score would therefore be both material and favorable to Defendant Ye.

Accordingly, the Court concludes that the third factor weighs in favor of Defendant Ye, but only as to the identity theft count. The Court proceeds to consider whether Kuansheng Chen

11
Case No. 19-CR-00111-LHK-2
ORDER DENYING DEFENDANT'S MOTION FOR RULE 15 DEPOSITION

would willingly be deposed, as well as the safety of United States officials.

## C. Willingness to be deposed and safety of United States officials

Finally, the Court considers two additional factors relevant to the Rule 15 analysis: the willingness of the witness to be deposed and whether the safety of United States officials would be compromised by traveling to the foreign location. *Olafson*, 213 F.3d at 442 ("In deciding whether to grant a Rule 15(a) motion, the district court must consider . . . whether the deponent would be available at the proposed location for deposition and would be willing to testify. [] The court should also consider whether the safety of United States officials would be compromised by going to the foreign location."). The Court considers each factor in turn.

As to the first factor, Defendant Ye initially indicated that Kuansheng Chen's "counsel has informed undersigned counsel that Chen may be willing to sit for a deposition." Reply at 7. However, on March 6, 2020, Defendant Ye filed a supplemental declaration that indicated that Kuansheng Chen's counsel had subsequently announced "that Mr. Chen is 'generally unwilling to voluntarily sit for a deposition unless he is granted immunity.'" ECF No. 51. There is no indication that the government is willing to grant Kuansheng Chen immunity. The Court notes that Kuansheng Chen also objected to a deposition notice in the parallel SEC enforcement proceeding. Based on the record, the Court concludes that Kuansheng Chen is unwilling to be deposed. Other courts have relied solely on witnesses' unwillingness to be deposed to deny a Rule 15 motion. *See, e.g.*, *United States v. Sim*, No. CR07-425JLR, 2008 WL 11391249, at *2 (W.D. Wash. July 7, 2008) (denying Rule 15 motion as to two proposed deponents because it was "unclear whether [deponents were] available or willing to testify at depositions in Cambodia"). Moreover, the Ninth Circuit has affirmed district courts that have denied Rule 15 motions in part based on witnesses' unwillingness to be deposed. *See, e.g.*, *Olafson*, 213 F.3d at 443 (explaining that district court did not abuse its discretion in denying a Rule 15 motion in part because there was "no indication" that witnesses "were willing to provide testimony at a deposition, or that they would cooperate in any way"); *Zuno-Arce*, 44 F.3d at 1425 (holding that district court did not abuse discretion in denying Rule 15 motion in part because "[n]one of the witnesses volunteered

12

to testify at a deposition"). Accordingly, the willingness of the witness to be deposed factor weighs against Defendant Ye.

As to the second factor, the government argues that "coronavirus presents a[] risk to all participants" of the potential deposition. Opp'n at 10. According to the government, "[t]he safety of all parties in traveling to China right now, and in the foreseeable future, appears to be significant given the virus' impact in China." *Id.* The government asserts that "[c]ounsel for the government repeatedly asked Ye's attorneys to address this issue in meet and confer, but no answer was received." *Id.* In response, Defendant Ye expresses a willingness to "work with government counsel to minimize risks associated with the coronavirus." Reply at 7. Defendant Ye offers Taiwan as a possible site for a deposition, and notes that "at this time, the Center[s] for Disease Control and Prevention has not issued any travel advisories for Taiwan." *Id.* Since Defendant Ye filed the instant motion, however, the Center for Disease Control and Prevention has issued a travel alert for Taiwan that indicates that "[o]lder adults and people of any age with serious chronic medical conditions should consider postponing nonessential travel." *Taiwan, Travel Health Notices*, Centers for Disease Control and Prevention, *available at* wwwnc.cdc.gov/travel/destinations/traveler/none/Taiwan (last visited March 20, 2020). The same alert applies to Indonesia, the only other country that Defendant Ye lists as a possible site of a deposition. Indonesia, Travel Health Notices, Centers for Disease Control and Prevention, available at wwwnc.cdc.gov/travel/destinations/traveler/none/Indonesia (last visited March 20, 2020).

Defendant Ye suggests that the deposition of Kuansheng Chen must occur "in Asia or Southeast Asia," and that, in any event, Kuansheng Chen is unwilling to travel to San Francisco or Canada. Reply at 7. In light of the COVID-19 pandemic, the requirement that United States officials travel to the countries suggested by Defendant Ye would come with a heightened risk to the officials' health and safety.[2] Accordingly, the second factor also weighs against Defendant

---

[2] Indeed, in light of the COVID-19 pandemic, the governor of California has issued a shelter-in-place order that requires individuals in the entire state of California to stay at home except for

13
Case No. 19-CR-00111-LHK-2
ORDER DENYING DEFENDANT'S MOTION FOR RULE 15 DEPOSITION

Ye. *See, e.g.*, *Olafson*, 213 F.3d at 442 (concluding that district court did not abuse its discretion by denying Rule 15 deposition in a foreign country in part because conditions in the foreign country were unsafe for American prosecutors); *Moalin*, 2012 WL 3637370, at *2 (finding that defendant failed to show extraordinary circumstances warranting Rule 15 deposition in part because strong safety concerns to United States personnel weighed strongly against granting the motion); *see also United States v. Cruz*, 46 F.3d 1146, 1146 (9th Cir. 1995) (unpublished) (explaining that district court did not abuse discretion in denying Rule 15 motion in part because district court properly considered the dangers to the government attorney required to travel to foreign country).

### D. Weighing of factors

The Court now summarizes the foregoing analysis. The Court possesses "broad discretion in deciding whether to order depositions in a criminal case," and the Ninth Circuit has indicated that "such depositions will be reserved for exceptional circumstances where it is in the interest of justice that the testimony of a prospective witness be taken and preserved for use at trial." *Olafson*, 213 F.3d at 442 (internal quotation marks and alterations omitted). Ultimately, the foregoing factors merely guide the Court's analysis; the central question is whether "exceptional circumstances" justify the decision to grant the instant motion. *See, e.g.*, *United States v. Zavieh*, No. 12-CR-00195 EMC (NC), 2013 WL 1283319, at *2 (N.D. Cal. Mar. 27, 2013) (noting that there are "no particular factors or prerequisites" that are crucial to the Rule 15 inquiry, and that the focus is on whether a court finds that "exceptional circumstances" exist).

Here, the Court concludes that the instant case does not present "exceptional circumstances" that justify a decision to grant the instant motion. As an initial matter, the record indicates that Defendant Ye has not engaged in a good faith effort to secure Kuansheng Chen's

---

certain essential activities and work. Executive Order N-33-20, Exec. Dep't State of Cal., *available at* https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf (last visited March 20, 2020). The Court may take judicial notice of "matters of public record" of this nature. *See, e.g.*, *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006)

14

Case No. 19-CR-00111-LHK-2
ORDER DENYING DEFENDANT'S MOTION FOR RULE 15 DEPOSITION

voluntary participation at Defendant Ye's criminal trial. Although Defendant Ye appears to be in contact with Kuansheng Chen's counsel, Defendant Ye has not inquired into Kuansheng Chen's possible participation in trial at all. Defendant Ye assumes that such a request will be "futile," but it may be possible to reach an agreement with the government or arrange for alternative means of participation, such as two-way videoconferencing.

Second, while Defendant Ye argues that Kuansheng Chen can provide testimony that is material and favorable to Defendant Ye, the proposed testimony only relates to one count of the Indictment: the identity theft count. Further, the contemplated testimony concerns the nature of Kuansheng Chen's bank account, which Defendant Ye can likely address through bank records.

Third, and most importantly, Kuansheng Chen has expressly indicated that Kuansheng Chen is unwilling to sit for any kind of voluntary deposition absent a grant of immunity. ECF No. 51. As discussed above, other courts have relied solely or in part on witnesses' unwillingness to be deposed to deny a Rule 15 motion. *See, e.g.*, *Sim*, 2008 WL 11391249, at *2 (relying on unwillingness to be deposed factor alone to deny Rule 15 motion); *cf. Olafson*, 213 F.3d at 443 (affirming district court's denial of Rule 15 in part based on witnesses' unwillingness to be deposed); *Zuno-Arce*, 44 F.3d at 1425 (same).

Finally, Defendant Ye suggests that a deposition may only occur in "Asia or Southeast Asia." Reply at 7. As discussed, the ability of United States officials to safely undertake international travel to the countries proposed by Defendant Ye is currently complicated by the COVID-19 pandemic.

Accordingly, the Court concludes that Defendant Ye has failed to establish that extraordinary circumstances exist such that a Rule 15 deposition would be in the interest of justice. The Court therefore DENIES Defendant Ye's motion for a Rule 15 deposition.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant Ye's motion for a Rule 15 deposition.

**IT IS SO ORDERED.**

15
Case No. 19-CR-00111-LHK-2
ORDER DENYING DEFENDANT'S MOTION FOR RULE 15 DEPOSITION

Dated: March 20, 2020

_____
LUCY H. KOH
United States District Judge