UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>     v.<br><br>DANHONG "JEAN" CHEN and JIANYUN "TONY" YE,<br><br>              Defendants. | Case No. 19-CR-00111-LHK-2<br><br>**ORDER DENYING MOTION TO DISMISS COUNTS 13 AND 14 OF THE INDICTMENT; DENYING MOTION FOR BILL OF PARTICULARS**<br><br>Re: Dkt. No. 48 |

On March 4, 2020, Defendant Jianyun "Tony" Ye ("Defendant Ye") moved to dismiss Counts 13 and 14 of the Indictment for failure to state an offense. ECF No. 48 ("Mot."). Defendant Ye also moves for a Bill of Particulars. *Id.* Having considered the submissions of the parties, the relevant law, and the record in this case, the Court DENIES Defendant Ye's motion to dismiss Counts 13 and 14 of the Indictment, and the Court DENIES Defendant Ye's motion for a Bill of Particulars.

## I.      BACKGROUND

On March 7, 2019, a grand jury returned an indictment ("Indictment") that charged

Defendants Danhong "Jean" Chen and Jianyun "Tony" Ye with (1) ten counts of visa fraud under

1

*United States District Court*
*Northern District of California*

18 U.S.C. § 1546(a); (2) one count of obstruction of justice under 18 U.S.C. § 1512(b)(3); (3) one count of obstruction of justice under 18 U.S.C. § 1505, and (4) one count of aggravated identity theft under 18 U.S.C. § 1028A(a)(1).  ECF No. 27 ("Indictment") at 6–10.

## A. Factual Background

The Court takes the following facts from the Indictment, as required on a motion to dismiss an indictment for failure to state an offense.  *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) ("On a motion to dismiss an indictment for failure to state an offense, the court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged.").

### 1. The EB-5 visa program

The EB-5 visa program permits aliens to obtain a path to lawful permanent residency in the United States by investing $1,000,000 in a "new commercial enterprise" ("NCE").[1]  *Id.* ¶¶ 10–11. The capital contribution must also create or preserve full-time positions for at least ten qualifying employees within two years of the date the investment is made.  *Id.* ¶ 11.  Further, the capital contribution must be invested directly in the entity responsible for creation of the employment.  *Id.* ¶ 16.  The EB-5 visa program is administered by the United States Citizenship and Immigration Services ("USCIS").  *Id.* ¶ 11.

The first step to apply for an EB-5 visa is to submit an I-526 petition with USCIS.  *Id.* ¶ 13. An I-526 petition must establish that an alien investor would more likely than not satisfy the requirements of the EB-5 program.  *Id.*  To make the required showing, alien investors typically provide USCIS with supporting materials, such as a business plan and budget.  *Id.* ¶ 14.  If USCIS approves an I-526 petition, then the alien investor receives conditional permanent residency for two years.  *Id.* ¶ 15.  After the two years elapse, the alien can file an I-829 petition to adjust the alien's status.  *Id.*  If the I-829 petition demonstrates that the alien had indeed met the

---

[1] The minimum capital contribution need only be $500,000 if the investment is located in certain rural or high-unemployment areas.  *Id.* ¶ 11.

2

United States District Court
Northern District of California

1  requirements for the EB-5 visa program, then the alien may receive unconditional permanent

2  residency.  *Id.*

3        Entities known as "regional centers" promote EB-5 investments within designated

4  geographic areas.  *Id.* ¶ 12.  In order to satisfy the requirements of the EB-5 visa program, an alien

5  may invest in an NCE affiliated with a regional center.  *Id.*  To obtain regional center status, an

6  entity must provide USCIS with information about the NCEs that would operate under the

7  regional center, as well as the nature of the jobs that would be created as a result of the

8  contemplated EB-5 investments.  *Id.*  This information could be provided to USCIS on documents

9  known as I-924 and I-924A forms.  *Id.*

10        **2.  Defendants' allegedly unlawful conduct**

11        Defendant Chen is a lawyer who served as the sole partner and principal of the Law

12  Offices of Jean D. Chen.  *Id.* ¶ 1.  Defendant Ye, meanwhile, was employed as the office manager

13  of the Law Offices of Jean D. Chen.  *Id.* ¶ 2.  The Government alleges that the Law Offices of

14  Jean D. Chen was incorporated in California and the firm "held itself out as specializing in

15  immigration law."  *Id.* ¶ 3.  Defendants Chen and Ye were married at the time they undertook the

16  allegedly unlawful conduct described in the Indictment.  ECF No. 45 at 1.

17        According to the Government, between December 2014 and December 2015, Defendants

18  "commonly prepared and submitted, and caused to be submitted, I-526 applications on behalf of

19  alien investors" that contained false and fraudulent information.  Indictment ¶ 18.  Specifically,

20  Defendants submitted I-526 applications that contained the signature of an individual identified in

21  the Indictment as "K.R."  *Id.*  According to the Government, "K.R.'s purported signature in these

22  applications, as [Defendants] knew, was forged and false."  *Id.*

23        Moreover, the I-526 petitions submitted by Defendants described K.R. as the manager of

24  an entity called Golden State Regional Center, LLC ("Golden State RC").  *Id.*  In reality, however,

25  the Government alleges that Defendants "knowingly controlled Golden State RC throughout at

26  least 2014, 2015, and the first half of 2016."  *Id.*  The Government also alleges that Defendants

27

28
Case No. 19-CR-00111-LHK-2
ORDER DENYING MOTION TO DISMISS COUNTS 13 AND 14 OF THE INDICTMENT; DENYING MOTION
FOR BILL OF PARTICULARS

submitted the I-924A form of Golden State RC with a false signature of K.R.  *Id.*  Defendant Ye asserts, and other documents produced in the instant case confirm, that K.R. is an individual named Kai Robinson.  *E.g.*, ECF No. 48 at 1.

According to the Government, Defendants represented alien investors who invested funds in two NCEs managed by Golden State RC.  *Id.* ¶¶ 7, 19.  Defendants allegedly transferred funds that alien investors paid from bank accounts associated with the NCEs into a bank account controlled by Defendants.  *Id.* ¶ 20.  Defendants also allegedly transferred funds from bank accounts associated with the NCEs before alien investors' I-526 petitions permitted such transfers.  *Id.* ¶ 21.  Since December 2014, approximately 105 clients of Defendants invested in the two NCEs managed by Golden State RC.  *Id.* ¶ 22.  Defendants' clients made a total investment of approximately $52,500,000 in the two NCEs.  *Id.*

The Indictment also alleges that an individual identified as "K.C." was a family friend and business associate of Defendants.  *Id.* ¶ 4.  The Indictment asserts that K.C. "was purported to be Director of U.S. Immigration Services of Beijing New Horizons Investment Consulting Co., Ltd. . . . , a China-based entity controlled, in part, by" Defendants.  *Id.*  According to the Government, Defendant Ye used K.C.'s identity and bank account without lawful authority to facilitate the commission of wire fraud and visa fraud.  *Id.* ¶ 32.  As the Court noted in a previous order, K.C. is an individual named Kuansheng Chen.  ECF No. 53 at 4.

### 3.  The instant motion to dismiss and motion for Bill of Particulars

On March 4, 2020, Defendant Ye filed the instant motion to dismiss Counts 13 and 14 of the Indictment under Federal Rule of Criminal Procedure 12(b)(3)(B)(v).  ECF No. 48 ("Mot.").  Defendant Ye also moves for a Bill of Particulars under Federal Rule of Criminal Procedure 7(f).  *Id.*  On April 15, 2020, the Government opposed the motion, ECF No. 56 ("Opp'n"), and on April 29, 2020, Defendant Ye filed a reply, ECF No. 58 ("Reply").

## II.    LEGAL STANDARD

Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), a defendant may move to

Case No. 19-CR-00111-LHK-2
ORDER DENYING MOTION TO DISMISS COUNTS 13 AND 14 OF THE INDICTMENT; DENYING MOTION FOR BILL OF PARTICULARS

United States District Court
Northern District of California

dismiss an indictment on the ground that the indictment "fail[s] to state an offense."  In

considering a motion to dismiss an indictment, a court must accept the allegations in the

indictment as true and "analyz[e] whether a cognizable offense has been charged."  *Boren*, 278

F.3d at 914.  "In ruling on a pre-trial motion to dismiss an indictment for failure to state an

offense, the district court is bound by the four corners of the indictment."  *Id.*  A motion to dismiss

an indictment can be determined before trial "if it involves questions of law rather than fact."

*United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir.), *cert. denied*, 478 U.S.

1007 (1986).

## III.     DISCUSSION

In the instant motion to dismiss, Defendant Ye moves to dismiss Counts 13 and 14 of the

Indictment.  Mot. at 2–8.  In the alternative, Defendant Ye seeks a bill of particulars in order "to

adequately prepare for and defend himself at trial."  *Id.* at 8–12.  The Court begins by analyzing

Defendant Ye's motion to dismiss Counts 13 and 14 for failure to state offenses.  The Court then

turns to Defendant Ye's request for a bill of particulars.

### A.   Motion to Dismiss Count 13 of the Indictment for Failure to State an Offense

Count 13 charges Defendant Ye with the offense of aggravated identity theft, 18 U.S.C. §

1028A.  Indictment ¶¶ 29–30.  According to Defendant Ye, Count 13 must be dismissed for failure

to state an offense because "the government has failed to allege that the use of Kai Robinson's

signature and name in the I-526 applications and I-924A form were more than incidental to the

alleged scheme relating to the visa applications."  Mot. at 4.  The Government responds that the

Indictment adequately charges each of the elements of aggravated identity theft and that, even if

more were required, the Indictment meets the test that Defendant Ye proposes.  Opp'n at 15.  The

Court agrees with the Government.

As an initial matter, in ruling on a motion to dismiss an indictment for failure to state an

offense, the Court may look only to "the four corners of the indictment."  *United States v. Boren*,

278 F.3d 911, 914 (9th Cir. 2002).  "The indictment either states an offense or it doesn't."  *Id.*

5

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Furthermore, the Ninth Circuit has repeatedly explained that "an indictment setting forth the

2   elements of the offense is generally sufficient" to survive a motion to dismiss. *United States v.*

3   *Fernandez*, 388 F.3d 1199, 1219 (9th Cir. 2004); *see also United States v. Woodruff*, 50 F.3d 673,

4   676 ("In the Ninth Circuit, 'the use of a 'bare bones' information—that is one employing the

5   statutory language alone—is quite common and entirely permissible so long as the statute sets

6   forth fully, directly and clearly all essential elements of the crime to be punished.'"). Here, the

7   Indictment states each of the elements of aggravated identity theft. Indictment ¶¶ 29–30 (charging

8   that Defendant Ye "did knowingly use, without lawful authority, the means of identification of

9   another person, that is, the name and signature of K.R., during and in relation to a felony violation

10  enumerated in 18 U.S.C. § 1028A(c)(5), that is, Visa Fraud, 18 U.S.C. § 1546(a)). The Indictment

11  also outlines the conduct that purportedly constituted the aggravated identity theft. Indictment ¶

12  18 ("[Defendant] YE commonly prepared and submitted, and caused to be submitted, I-526

13  applications on behalf of alien investors that reflected K.R.'s purported signature on multiple

14  pages of the application."). No more is required here. *See United States v. Yang*, No. 16-CR-

15  00334-LHK-1, 2019 WL 5684527, at *7 (N.D. Cal. Nov. 1, 2019) ("Counts Seven and Eight

16  specifically alleges that . . . [the defendant] used these identities 'during and in relation to' mail

17  fraud, as required by the statute. This is sufficient to survive a motion to dismiss Counts Seven

18  and Eight for failure to state an offense." (citation omitted)).

19       Further, even if more were required, the Government meets the requirement Defendant Ye

20  seeks to impose. Defendant Ye argues that the Count 13 must be dismissed because the

21  Government fails to allege how "the inclusion of Robinson's signature on the I-526 investor

22  applications or the I-924A form were necessary to the applications or the form." Mot. at 5. In

23  support of this argument, Defendant Ye relies primarily on *United States v. Michael*, 882 F.3d 624

24  (6th Cir. 2018).

25       In *Michael*, the Sixth Circuit reversed a district court's dismissal of an aggravated identity

26  theft charge on the ground that the aggravated identity theft statute only covers "impersonation" of

27

6

28  Case No. 19-CR-00111-LHK-2
    ORDER DENYING MOTION TO DISMISS COUNTS 13 AND 14 OF THE INDICTMENT; DENYING MOTION
    FOR BILL OF PARTICULARS

1    a victim.  882 F.3d at 626–27.  The Sixth Circuit rejected the narrow construction of the

2    aggravated identity theft statute adopted by the district court.  *Id.*  Instead, the *Michael* court held

3    that in order to determine whether a defendant committed aggravated identity theft, "the question

4    is whether the defendant used the means of identification 'during and in relation to' the predicate

5    felony."  *Id.* at 628 (quoting 18 U.S.C. § 1028A(a)(1)).  Thus, the *Michael* court held that courts

6    must look to whether the use of a victim's identity "further[ed] or facilitate[d]" the predicate

7    felony.  *Id.* at 628

8          Here, the predicate felony for the aggravated identity theft charge is visa fraud.  In each of

9    the ten counts of visa fraud charged by the Indictment, the Government lists the forged signatures

10   of Robinson as a means of satisfying the "false statement" element of visa fraud.  Thus, the

11   Indictment clearly alleges that the use of Robinson's identity was "more than incidental to the

12   [predicate] fraud."  *United States v. Gatwas* 910 F.3d 362, 368 (8th Cir. 2018).  Under *Michael*,

13   the forged signatures therefore are charged as having "further[ed] and facilitate[d]" the predicate

14   visa fraud because they satisfy an element of visa fraud.  *Michael*, 882 F.3d at 628.

15         Rather than focus on the role of Robinson's identity in the predicate offense of visa fraud,

16   Defendant Ye suggests that the Government must charge how Robinson's forged signatures were

17   "necessary to the [I-526] applications or the form[s]," and the importance of the Robinson's

18   forged signatures to the "alleged scheme" more broadly.  Mot. at 5.  However, the *Michael* court

19   held that "the question is whether the defendant used the means of identification 'during and in

20   relation to' *the predicate felony*."  *Michael*, 882 F.3d at 628 (quoting 18 U.S.C. § 1028A(a)(1))

21   (emphasis added).  Here, again, the predicate felony is visa fraud, and the Indictment charges that

22   Robinson's forged signatures satisfy the "false statement" element of visa fraud.  Indictment ¶ 24.

23         None of the other three cases that Defendant Ye cites—*United States v. Berroa*, 856 F.3d

24   141 (1st Cir. 2017), *United States v. Hong*, 938 F.3d 1040 (9th Cir. 2018), and *United States v.

25   Gatwas*, 910 F.3d 362 (8th Cir. 2018)—compels a different result.  As an initial matter, all three of

26   those cases involved challenges to the sufficiency of the evidence following trials under Federal

27

28   Case No. 19-CR-00111-LHK-2
     ORDER DENYING MOTION TO DISMISS COUNTS 13 AND 14 OF THE INDICTMENT; DENYING MOTION
     FOR BILL OF PARTICULARS

United States District Court
Northern District of California

7

1   Rule of Criminal Procedure 29, not the legal sufficiency of charges in indictments.  More

2   importantly, none of the holdings of those cases alters the foregoing analysis.  In *Gatwas*, the

3   Eighth Circuit briefly discussed the "use" requirement and explained that "the use of another

4   person's means of identification must be more than incidental to the fraud."  910 F.3d at 368.  As

5   discussed, the forged signatures of Robinson are alleged to satisfy the "false statement"

6   requirement of visa fraud.  They are therefore charged as being "more than incidental to the [visa]

7   fraud" in the instant case.  *Id.*

8          *Hong* and *Berroa* are also distinguishable.  In *Hong*, the Ninth Circuit concluded that the

9   defendant did not "use" the means of identification of a victim because the defendant did not

10   "attempt to pass him or herself off as another person or purport to take some other action on

11   another person's behalf."  *Hong*, 938 F.3d at 1051 (internal quotation marks omitted).  The same

12   is true for the First Circuit in *Berroa*.  856 F.3d at 156 ("[W]e read the term 'use' to require that

13   the defendant attempt to pass him or herself off as another person or purport to take some other

14   action on another person's behalf.").

15          Here, the Indictment charges that Defendant Ye submitted forged signatures of Robinson

16   in I-526 applications submitted to USCIS.  Indictment ¶ 18.  The Ninth Circuit has held that the

17   use of forged signatures may satisfy the "use" element of aggravated identity theft.  *See United*

18   *States v. Gagarin*, 950 F.3d 596, 604 (9th Cir. 2020) (holding that when defendant submitted

19   forged signature in loan application, defendant "'attempt[ed] to pass [herself] off' as her cousin

20   through forgery and impersonation"); *United States v. Blixt*, 548 F.3d 882, 886 (9th Cir. 2008)

21   (holding "that forging another's signature constitutes the use of that person's name and thus

22   qualifies as a 'means of identification' under 18 U.S.C. § 1028A"); *see also United States v. Yang*,

23   No. 16-CR-00334-LHK, 2020 WL 2793936, at *17 (N.D. Cal. May 29, 2020) ("Notwithstanding

24   all of the ways in which Defendants Yang and Wu fraudulently used Gonzalez's identity,

25   Defendants Yang and Wu never forged Gonzalez's signature.").

26          For the foregoing reasons, the Court DENIES Defendant Ye's motion to dismiss Count 13

27

28   Case No. 19-CR-00111-LHK-2
     ORDER DENYING MOTION TO DISMISS COUNTS 13 AND 14 OF THE INDICTMENT; DENYING MOTION
     FOR BILL OF PARTICULARS

*United States District Court*
*Northern District of California*

8

1   of the Indictment.  The Court now proceeds to consider Defendant Ye's motion to dismiss Count

2   14 of the Indictment.

3       **B.  Motion to Dismiss Count 14 of the Indictment for Failure to State an Offense**

4           Count 14 charges Defendant Ye with the offense of identity theft, 18 U.S.C. § 1028(a)(7).

5   Indictment ¶¶ 29–30.  According to Defendant Ye, Count 14 must be dismissed for failure to state

6   an offense because the Government fails "to adequately allege how Chen's name and account

7   number were used by Mr. Ye in connection with visa or wire fraud."[2]  Mot. at 8.  The Government

8   responds that the Indictment charges the offense of identity theft in sufficient detail to survive a

9   motion to dismiss.  Opp'n at 16.

10          Count 14 of the Indictment charges that "[o]n or about June 4, 2015," Defendant Ye

11  "knowingly possessed and used, without lawful authority, the means of identification of another

12  person, namely, the name and account number xx6828 of K.C., with the intent to commit, to aid

13  and abet the commission of, and in connection with the commission of, a violation of federal law,

14  namely, Wire Fraud, a felony violation of Title 18, United States Code, Section 1343, and Visa

15  Fraud, a felony violation of Title 18, United States Code, Section 1546(a), with said transfer,

16  possession, and use affecting interstate and foreign commerce."  Indictment ¶ 32.

17          Count 14 therefore generally tracks the statutory language of 18 U.S.C. § 1028(a)(7), with

18  further details provided by the Government as to the particular means of identification and the

19  predicate felonies charged against Defendant Ye.  *Id.*  "An indictment which tracks the words of

20  the statute charging the offense is sufficient so long as the words unambiguously set forth all

21  elements necessary to constitute the offense."  *United States v. Fitzgerald*, 882 F.2d 397, 399 (9th

22  Cir. 1989) (internal quotation marks and citation omitted); *see also United States v. Laney*, 19-CR-

23  00292-BLW, 2020 WL 423383, at *2 (D. Idaho Jan. 27, 2020) (denying motion to dismiss

24

25  ───────────────────
    [2] The Government also believed that Defendant Ye's motion was based on the fact that wire fraud
26  was also not separately charged against Defendant Ye.  Opp'n at 17.  However, in reply,
    Defendant Ye disclaims this argument.  Reply at 7 ("That has never been the basis of the
27  motion.").  Accordingly, the Court need not reach this argument.

28  Case No. 19-CR-00111-LHK-2
    ORDER DENYING MOTION TO DISMISS COUNTS 13 AND 14 OF THE INDICTMENT; DENYING MOTION
    FOR BILL OF PARTICULARS

United States District Court
Northern District of California

1    indictment because "[t]he language of the Indictment precisely tracks that of the statute and

2    therefore sets forth 'all elements necessary to constitute the offense.'" (quoting *Fitzgerald*, 882

3    F.2d at 399)).

4        Defendant Ye argues that the Government must further specify "how Chen's name and

5    account number were used by [Defendant] Ye in connection with visa or wire fraud."  Mot. at 8.

6    However, an Indictment "need not specify the theories or evidence upon which the government

7    will rely to prove" the charges in an indictment.  *United States v. Cochrane*, 985 F.2d 1027, 1031

8    (9th Cir. 1993) (citing *United States v. Jenkins*, 884 F.2d 433, 438–439 (9th Cir.1989)); *see also*

9    *United States v. Holmes*, 18-CR-00258-EJD, 2020 WL 666563, at *6 (N.D. Cal. Feb. 11, 2020)

10   ("[T]he Government need not allege in the indictment its case theory or the evidence underlying

11   the charges.").  Instead, an indictment may withstand a motion to dismiss if it (1) "contains the

12   elements of the offense charged and fairly informs a defendant of the charge against which he

13   must defend" and (2) "enables him to plead an acquittal or conviction in bar of future prosecutions

14   for the same offense."  *United States v. Lazarenko*, 564 F.3d 1026, 1033 (9th Cir. 2009) (internal

15   quotation marks omitted).

16       Here, the Indictment specifies the approximate date of the charged identity theft, the

17   initials of the identity theft victim, the means of the victim's identification allegedly used by

18   Defendant Ye, as well as the two predicate felonies for the identity theft charge.  Indictment ¶ 32.

19   The Indictment also identifies Chen's relationship with Defendant Ye, Chen's role at a company

20   associated with Defendant Ye, and the specific Charles Schwab account used by Defendant Ye in

21   connection with the identity theft charge.  *Id.* ¶¶ 4, 32.

22       The Indictment's factual detail with respect to Count 14 is far afield from situations in

23   which courts have held an indictment to be defective for lack of adequate notice.  For instance, in

24   *United States v. Cecil*, 608 F.2d 1294 (9th Cir. 1979), the Ninth Circuit held that an indictment

25   failed to provide a defendant with fair notice in light of the indictment's "glaring lack of factual

26   particularity."  *Id.* at 1296.  In *Cecil*, the "rather barren" indictment charged only two counts of

27

28
                                                      10

conspiracy.  *Id.* at 1295–96.  However, the indictment only made "two specific allegations concerning the conspiracies."  *Id.* at 1296.  Specifically, the indictment charged that (1) the conspiracies "occurred in Arizona, Mexico, and elsewhere"; and (2) "offer[ed] the names of some of the alleged co-conspirators."  *Id.*  The indictment provided no further information and "fail[ed] to place the conspiracies within any time frame."  *Id.* at 1297; *see also United States v. Curtis*, 506 F.2d 985, 989 (10th Cir. 1974) (dismissing indictment because "[f]or all the indictment shows the grand jury may have had a concept of the scheme essentially different from that relied upon by the government before the trial jury").  Accordingly, the Ninth Circuit granted the defendant's motion to dismiss.  *Cecil*, F.2d at 1297.

In the instant case, in connection with Count 14, the Indictment provides the alleged time frame, the victim, the victim's relationship to Defendant Ye, the means of identification allegedly used by Defendant Ye, as well as the particular Charles Schwab account associated with the identity theft.  Indictment ¶¶ 4, 32.  These details set the instant case apart from *Cecil*, *Curtis*, and the other cases in which courts have found indictments to be defective for lack of notice.  *See Holmes*, 2020 WL 666563, at *6 ("Because Defendants know both the statutes they allegedly violated and the conduct underlying those alleged violations, the [superseding indictment] is particularized enough to provide fair notice . . . .").

Defendant Ye notes that Count 14 alleges wire fraud as a predicate felony but that "the indictment contains no other references to wire fraud."  Reply at 7.  However, as discussed, the Indictment contains numerous details about the identity theft charge for which wire fraud serves as a predicate, including the alleged date of the offense and the particular Charles Schwab account number allegedly used in connection with the wire fraud.  *E.g.*, Opp'n at 7 ("Specifically, [the Indictment] alleges an improper use of K.C.'s identity on June 4, 2015.").  These details provide "adequate notice" to Defendant Ye of the nature of Count 14.  *Cecil*, 608 F.2d at 1297.  Defendant Ye also argues that "[t]he government had the opportunity to present a cognizable theory of liability in its opposition and explain how the factual allegations in the indictment support Count

11

14," but failed to do so.  Reply at 7.  Again, the Government is not required to provide the theory of liability upon which the Government seeks to rely.  *Chochrane*, 985 F.2d at 1031 ("An indictment must provide the essential facts necessary to apprise a defendant of the crime charged; it need not specify the theories or evidence upon which the government will rely to prove those facts.").

For the foregoing reasons, the Court DENIES Defendant Ye's motion to dismiss Count 14 of the Indictment.  The Court now proceeds to consider Defendant Ye's motion for a Bill of Particulars.

### C.  Motion for Bill of Particulars

Defendant Ye moves for a Bill of Particulars pursuant to Federal Rule of Criminal Procedure 7(f).  Mot. at 8–12.  Defendant Ye seeks further information about Counts 1–10, 13, and 14 of the Indictment.  *Id.*  The Government opposes the motion both because it is untimely and unnecessary in light of the information Defendant Ye possesses.  Opp'n at 20–21.

The Ninth Circuit has explained that a bill of particulars serves three functions: "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense . . . ." *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (quotation marks omitted).  Whether a bill of particulars is required is a matter within the discretion of a district court.  *Id.*  A sufficiently detailed indictment generally renders a bill of particulars unnecessary.  *Giese*, 597 F.2d at 1180. "Full discovery also obviates the need for a bill of particulars."  *Id.*

Here, in addition to pleading the statutory elements at issue for each of the foregoing counts, the Indictment contains approximately eight pages of detailed factual allegations relating to the counts charged, some of which was discussed above.  Moreover, the criminal complaint that preceded the Indictment contains further detail about the alleged conduct.  ECF No. 1 ("Compl."). Defendant Ye also possesses a search warrant affidavit executed by an FBI agent in connection

12

United States District Court
Northern District of California

with a search of several devices controlled by Robinson, which also contains a detailed description

of Defendant Ye's alleged conduct.  ECF No. 56-1 ("Affidavit").  In addition, the Government has

provided substantial discovery to Defendant Ye.  *See* Opp'n at 2 (explaining that the

Government's initial production "contained more than 400,000 pages of discovery and an index.

The United States has supplemented its discovery production at least twice more, producing

approximately 150,000 more pages").

The foregoing materials contain significant information about the charges for which

Defendant Ye requests a bill of particulars, including Count 14.  Indeed, the criminal complaint

and search warrant affidavit both describe Defendant Ye's alleged use of Chen's identity to

transfer $3,000,000 from the Charles Schwab account described in Count 14, on June 4, 2015, the

date charged in Count 14.  Compl. ¶ 20(b); Affidavit ¶ 56(b).  The criminal complaint alleges that

the funds were used to purchase property for a job-creating enterprise allegedly used by Defendant

Ye in connection with the EB-5 scheme.  Compl. ¶ 20(b) ("These funds [*i.e.*, the $3,000,000] were

then used to purchase Lots 1-71 Kawana Meadows, Santa Rosa, CA 95407, a property that Ye was

assisting to develop."); ECF No. 56-2 (explaining that funds contributed by EB-5 investors would

be "lent to Kawana Meadows Development Corporation" to satisfy capital-at-risk requirement).

Defendant Ye's request for additional specific information is better characterized as "a

request for complete discovery of the Government's evidence, which is not a purpose of the bill of

particulars."  *Giese*, 597 F.3d at 1181. The Court concludes that Defendant Ye possesses sufficient

information of the charges against him to adequately prepare a defense, avoid surprise at trial, and

plead double jeopardy if subsequently prosecuted for the same offense.  The Court therefore

DENIES Defendant Ye's motion for a Bill of Particulars.

## IV.    CONCLUSION

For the foregoing reasons, the Court DENIES Defendant Ye's motion to dismiss Counts 13

and 14 of the Indictment, and the Court DENIES Defendant Ye's motion for a Bill of Particulars.

**IT IS SO ORDERED.**

Case No. 19-CR-00111-LHK-2
ORDER DENYING MOTION TO DISMISS COUNTS 13 AND 14 OF THE INDICTMENT; DENYING MOTION
FOR BILL OF PARTICULARS

1

2     Dated: June 4, 2020

3                                          _____

4                                          LUCY H. KOH
                                           United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    Case No. 19-CR-00111-LHK-2
      ORDER DENYING MOTION TO DISMISS COUNTS 13 AND 14 OF THE INDICTMENT; DENYING MOTION
      FOR BILL OF PARTICULARS