**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JIANYUN "TONY" YE,<br><br>　　　　　Defendant. | Case No. 19-cr-0111-2 LHK (NC)<br><br>**ORDER AFTER SECOND PART OF IN CAMERA DOCUMENT REVIEW**<br><br>Re: ECF 66, 67 |

　　　The trial judge, District Court Judge Lucy H. Koh, ordered the Government's filter team to submit potentially privileged documents for in camera review in two tranches. Judge Koh referred the in camera privilege review to me. ECF 67. Judge Koh set a submission schedule, with the first tranche due November 18, 2020, and the second tranche due January 15, 2021. ECF 66.

　　　At ECF 75, I approved production of a first set of documents from the filter team. This Order follows my review of the second tranche of potentially privileged documents. Specifically, on January 15, 2021, the Government's filter team provided a "Second Motion for Order Regarding Privilege and Release of Documents"; and a binder enclosing 15 documents that are a subset of materials obtained in searches of two thumb drives and a laptop during the investigation of this immigration fraud case.

　　　In the filter team's second motion, they sought Court authorization to provide documents in two categories to the Government's trial prosecution team. First, they ask for

permission to share 2,314 documents that they assert are not subject to either the attorney-client or work product privilege. (*See* Filter Team Second Motion at pp. 4-6). Second, they ask for permission to share 15 documents that are potentially privileged, but the filter team asserts are covered by the crime-fraud privilege exception. (*See* Filter Team Second Motion at pp. 8-12).

Ye submitted his response to the filter team's second motion under seal and ex parte (provided to the filter team, but not the prosecution) on Jan. 29, 2021. Ye does not object to the release of the documents in both categories to the prosecution team. As to the 15 documents in the second category, Ye contends that these documents are not privileged in the first place, so urges the Court not to reach the crime-fraud exception.

Given Ye's response, the Court GRANTS the filter team's second motion seeking permission to share the specific documents identified in their second motion with the trial team. Specifically, the 2,314 non-privileged documents and the 15 potentially privileged documents identified in the motion and provided in camera may be produced. The Court determines that these materials are not privileged and therefore does not need to reach the crime fraud exception. The Court does not opine on the admissibility of any of these documents.

This Order may be publicly filed and provided to all parties, including the Government's trial team.

Given the outcome of the motion, I have a tentative view that the filter team's second motion and Ye's response (both submitted in camera and not publicly filed) may be publicly filed in ECF. I ask the filter team and Ye to respond by March 30, 2020, as to whether they consent or object to these materials being publicly filed.

I will preserve until the end of the case or further Order the documents that were provided for in camera review.

IT IS SO ORDERED.

Date: March 19, 2021

_____
Nathanael M. Cousins
United States Magistrate Judge